IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) BRIAN and DEBBIE KRUSE, individually, and as parents and next friends of S.K., a minor,<br><br>    Plaintiffs,<br><br>vs.<br><br>1) OHIO CASUALTY CORPORATION,<br>2) OHIO CASUALTY INSURANCE COMPANY,<br>3) LIBERTY MUTUAL INSURANCE COMPANY,<br>and<br>4) AMERICA FIRST INSURANCE COMPANY,<br><br>    Defendants. | No. 13-CV-354-KEW |

## COMPLAINT

The Plaintiffs, Brian and Debbie Kruse, individually, and as parents and next friend of S.K., a minor, by and through their attorneys, Steidley & Neal, P.L.L.C., McAlester, Oklahoma, for their Complaint against the Defendants, Ohio Casualty Corporation, Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and America First Insurance Company, allege and state as follows:

1. Plaintiffs entered a contract for Uninsured/Underinsured Motorist coverage with Defendants while Plaintiffs were residing in Idabel, McCurtain County, State of Oklahoma. This Court has jurisdiction over the parties and is the proper venue for this action.

2. Defendant Ohio Casualty Corporation is an Ohio Corporation with its principal place of business in Ohio, and is an insurance company doing business in the State of Oklahoma.

1

3. Defendant Ohio Casualty Insurance Company, is an Ohio Corporation with its principal place of business in Ohio, and is an insurance company doing business in the State of Oklahoma.

4. Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Massachusetts, and is an insurance company doing business in the State of Oklahoma.

5. Defendant America First Insurance Company is a New Hampshire corporation with its principal place of business in New Hampshire, and is an insurance company doing business in the State of Oklahoma.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

7. Pursuant to 28 U.S.C. § 1391 (a)(2), jurisdiction and venue is proper in this court in that diversity of citizenship exists between the parties, the events giving rise to this claim occurred within this district, and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

8. On or about April 30, 2010, in or near Idabel, Oklahoma, S.K. was involved in a motor vehicle accident with an underinsured motorist, causing significant and permanent injuries to S.K.

9. On or about April 30, 2010, Plaintiffs had policies of insurance with Defendants, which included uninsured/underinsured motorist coverage designed to provide protection to anyone occupying a covered auto in the event of an accident resulting in injuries and damages caused by an underinsured motorist. At all times material hereto, the policy of insurance related to this matter was in full force and effect and Plaintiffs have complied with their obligations under the insurance policy.

10. Upon information and belief, Ohio Casualty Insurance Company is a wholly owned subsidiary of Ohio Casualty Corporation.

11. Upon information and belief, Ohio Casualty Corporation was acquired by Liberty Mutual Insurance Company, and Ohio Casualty Corporation, Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and America First Insurance Company, may or may not exist as separate legal entities.

12. Plaintiffs' claims were seemingly handled by employees under multiple entities, including Defendants Ohio Casualty Insurance Company and America First Insurance Company.

13. On October 15, 2012, Defendant America First Insurance representative Maggie Wright received a UM demand package concerning S.K. The demand package included all bills and records concerning S.K.'s claim, and a request for a waiver of subrogation concerning the tortfeasor's liability limits offer.

14. To date, Defendants have failed to respond to the UM demand.

15. Plaintiffs are entitled to benefits from the Defendants and demand has been made upon the Defendants for benefits.

16. Defendants have unreasonably failed to investigate and respond to the request for benefits, all to the detriment of the Plaintiffs.

17. Defendants have failed to comply with its obligations to the Plaintiffs, all in willful, wanton, and gross violation of its duties to the Plaintiffs, and to all policyholders, and has breached its obligation to deal fairly and in good faith.

18. Defendants have failed to conduct a full, fair, complete a timely investigation of Plaintiffs' claims; and failed to evaluate and pay Plaintiffs' claim in timely manner. In fact,

Defendants have failed to even respond to Plaintiffs' claim for benefits.

19. Plaintiffs have incurred damages as a result of the actions of the Defendants, including but not limited to, damages for financial losses suffered by the Plaintiffs, and mental pain and suffering.

20. Plaintiffs have incurred tort damages due to the acts of the Defendants in violation of the obligation to deal fairly and in good faith with its insureds.

21. Defendants have breached their contract with Plaintiffs and acted in bad faith.

22. Defendants herein should be punished by an award of punitive damages sufficient to deter the Defendants, and other insurance companies, from acting in a similar manner.

WHEREFORE, premises considered, Plaintiffs pray for judgment against the Defendants for actual damages in a sum in excess of $75,000.00, punitive damages in a sum in excess of $75,000.00, costs, attorney's fees, and such other relief as allowed by law.

Respectfully submitted:

W. G. Steidley, Jr., OBA #8591
Mark E. Fields, OBA #19091
Steidley & Neal, P.L.L.C.
100 E. Carl Albert Parkway
P.O. Box 1165
McAlester, OK 74502
918-423-4611
918-423-4620 - fax
*Attorneys for Plaintiff*

Jury Trial Demanded
Attorney Lien Claimed